[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter first came to this Court by Summons and Complaint dated November 21, 1996 and returnable December 10, 1996 in which complaint the Plaintiff sought a dissolution of marriage, alimony, support of minor child, a property settlement under Connecticut General Statutes (C.G.S.) § 46b-81 and such other relief as the court deems fair and equitable.
A motion for alimony and other relief accompanied the complaint along with a financial affidavit.
On December 24, 1996 an Amended Complaint was filed in which custody of minor children was added to the prayer for relief.
On December 30, 1996 a Referral to Family Services for mediation was filed and approved.
On February 10, 1997 the Defendant appeared pro se.
On March 24, 1997 a Referral to Family Services for evaluation was filed and approved by the Court, Koletsky, J.
On May 14, 1997 the Defendant appeared by counsel.
On May 19, 1997 an agreement was accepted by the Court, Booth, J., requiring the Defendant to pay $60.00 per week as child support.
On June 23, 1997 an Answer to the Complaint was filed by counsel for the Defendant as well as a Cross Complaint. CT Page 2234
On July 14, 1997 an agreement was filed wherein the parties modified the support order against the Defendant to $40.00 per week.
On February 20, 1998 Attorney Jennifer Janeiro appeared for the minor child pursuant to an earlier stipulation and approval by the Court, Solomon, J.
On March 25, 1998 an Amendment to the Cross Complaint was filed indicating that the Defendant was receiving assistance from the State of Connecticut.
On June 8, 1998 counsel appeared for the State of Connecticut.
The parties, with their respective counsel, appeared before the Court on January 27, 1999 and were heard. Counsel for the minor child also appeared.
The Court makes the following findings of fact.
The Plaintiff and the Defendant were united in marriage on December 19, 1987 in New London.
Both parties have resided in Connecticut for more than one year prior to the initiation of the petition.
The parties have one minor child issue of their marriage; Tahnee R. Talley, born January 17, 1989.
The marriage of the Plaintiff and the Defendant has irretrievably broken down with no reasonable prospect for reconciliation.
The Plaintiff is age 49 and his education extended to three years in college.
The Plaintiff resides in a two-bedroom condominium, which he is trying to purchase, at 73 Cedar St.
The minor child Tahnee has resided with the Plaintiff for the last two months at the present address and the child has previously resided with the Plaintiff for the last three years on Mercer Street. CT Page 2235
The Plaintiff and the Defendant have been separated for the last three years.
The Plaintiff is presently, since September 1996, employed at the Mohegan Sun Casino where he is manager of environmental maintenance. He has held this position for the last three years.
He formerly was employed at Northeast Utilities for nine years until he was laid off in August 1996.
After the Plaintiff's layoff, the Defendant requested a divorce.
The Plaintiff still takes classes at Central Connecticut College to further his education.
The Plaintiff has two children that are not issue of this marriage, a son Rashad and a daughter Diamond.
The Plaintiff received unemployment compensation for a time after he was laid off from Northeast Utilities.
While the parties were still living together, there were occasions when the Defendant would stay away from the home for periods of several days.
After his layoff, the Plaintiff used his savings and 401K to pay the bills and the
By stipulation, counsel for the Plaintiff and Defendant agreed that there is an arrearage for support due to the Plaintiff from the Defendant in the amount of $2,435.00.
The Plaintiff has provided all of the child Tahnee's needs for some time and has assisted his other children as well.
Some little time ago the Defendant contracted a malignancy in her breast, which subsequently resulted in surgery.
When the Defendant left the home, she took a 1985 Saab motor vehicle with her, which was jointly owned and which she subsequently sold for $500.00.
Plaintiff, in addition to his regular work, runs a recreation CT Page 2236 program for the City of New London for which he is compensated as of January 25, 1999.
The Defendant during the marriage was employed by the U.S. Postal Service for some time.
During the marriage a god child of the Plaintiff, Monica, resided with the parties.
The State of Connecticut assistance referred to was for the children Diamond and godchild Monica and not the child issue of this marriage.
The Defendant had been employed at the Groton Post Office as a mail carrier during the period September 1986 to January 1995 on a full-time basis. The Defendant was injured on the job in August 1989 when her right wrist was crushed.
Defendant lost her position at the Postal Service due to missed time at work.
The Defendant received worker's compensation until June 1995.
The Defendant did occasional work as a bartender and was employed by Walmart until October 1997 at Waterford.
The Defendant left the marital home in 1991 and stayed away for one year.
The Defendant received assistance from the Town of Waterford for Diamond and Rashad only while in her care.
The Saab motor vehicle, which the Defendant took with her when she left, was valued by the Plaintiff at $900.00.
In 1995 the Defendant closed out her 401K amounting to about $5,000.00 ± and paid bills and living expenses. The Defendant also assisted Rashad by paying attorney's fees for him concerning difficulties that he had gotten into.
The Defendant is presently employed by the Mohegan Sun Casino as a blackjack dealer since September 2, 1998.
Her employment is part time; she is only presently guaranteed two days a week, eight hours each. Her compensation is $4.00 an CT Page 2237 hour plus tokes (tips).
During the recent Christmas week and New Year's week, the Defendant earned $500.00 for each week. Medical insurance is available to the Defendant at a cost of $37.00 weekly incident to her employment.
On December 10, 1997 the Defendant underwent a lumpectomy (biopsy), which turned out cancerous.
On January 7, 1998 the Defendant underwent a partial mastectomy and on February 10, 1998 a radical mastectomy.
The Defendant participates in mammograms every six months.
The Defendant is presently being sued by her medical providers as a result of the above-noted illness due to non-payment of services.
The Defendant acknowledged that she was presently residing with one Brinkie Hodges, her friend, and has been on and off for the last 2-1/2 years.
The Defendant acknowledged that on occasion she has gambled small amounts.
The Defendant is age 37, she characterizes her health now as okay.
The Defendant believes that one of the principal stresses in the marriage was different philosophies in bringing up children.
From the exhibits and financial affidavits of the parties, the Court makes the following findings.
See Defendant's Exhibit 1 for collection of medical bills and statements not covered by insurance incurred as a result of her medical treatment.
The Defendant's approximate weekly gross from Mohegan Sun Casino is $551.00, deductions for taxes $119.68, net $431.32.
Defendant's weekly expenses are $312.50.
Defendant's present total debt, $4,739.07 incident to medical CT Page 2238 problems.
The Defendant owns no real estate and has no motor vehicle relying on others for transportation. Defendant has a few furnishings valued at $400.00 and $15.00 in the bank.
The Plaintiff's weekly gross from the casino is $660.00, deductions for taxes and child support (not the child Tahnee) $288.99, net $371.01.
Plaintiff shows weekly expenses of $1,705.42 which includes a claimed $435.00 weekly payment on a motor vehicle.
Plaintiff shows debt of $1,700.00.
The Plaintiff has a $1,000.00 alleged equity in certain premises known as 73 Cedar Street.
The Plaintiff owns a 1994 BMW automobile on which $17,000.00 is owed.
Plaintiff shows $1,000.00 in a bank account and a 401K valued at $3,420.00.
This is the first marriage for both parties.
The attorney for the minor child provided the Court with a written statement in addition to her personal appearance before the Court at the start of trial setting forth her approval of the parties' agreement for joint custody of the minor child Tahnee with reasonable rights of visitation to the Defendant mother, the custodial parent to be the Plaintiff. See letter in file.
The State of Connecticut, by its Assistant Attorney General, having filed an appearance in this matter and not being present at trial, the Court required a letter for the file in which it is stated that the State makes no requests or claims in this matter. See letter in file.
See Defendant's Exhibit 1, medical statement from Dr. Toledo indicating the Defendant being under his care in December 1997 for breast carcinoma.
See Defendant's Exhibits 3, 4, 5, 6 and 7 verifying medical claims against the Defendant. CT Page 2239
The attorney for the minor child advised the Court as follows; the child Tahnee is age 10, counsel conferred with the child on two occasions and has conferred with both the Plaintiff and Defendant. The child is in good health and in the fourth grade and has a psychological counselor, one Robin Diller. The attorney for the child has conferred with Ms. Diller on three occasions.
Attorney Janeiro graciously waived any request for legal services incident to her appointment.
 Discussion
This is a marriage of approximately 11-1/2 years, the first marriage for both with one child issue of the marital union.
The financial circumstances of both parties are extremely modest.
The Defendant is $4,739.07 in debt due to medical procedures and has undergone serious medical treatment for breast cancer.
The Court is inclined to the view that each party tried to do the best they could but life's problems overwhelmed them particularly the Defendant.
 The Law
The Court has considered all of the statutes which apply in matters of this nature which include, without limitation, C.G.S. § 46b-56 et seq., regarding custody and visitation, C.G.S. § 46b-62 regarding attorney's fees, C.G.S. § 46b-82
regarding alimony, C.G.S. § 46b-84 regarding child support. The Court has considered all of the applicable case law that govern the matter.
The Court has considered the testimony of the parties, their candor or lack thereof, and all exhibits and the arguments of counsel.
The Court enters the following orders.
Joint legal custody of the minor child Tahnee. CT Page 2240
The Plaintiff father to be the primary custodial parent.
Reasonable rights of visitation with the Defendant mother including access, which shall include, but not be limited to, two days per week at reasonable hours, mindful of the child's schooling, every other weekend from Friday at 5:00 p. m. to Sunday at 6:00 p. m. and alternating holidays and vacation periods.
The Court enters no order of support against the Defendant at this time due to her present financial and physical-medical circumstances. This is without prejudice should the Defendant's circumstances and health improve.
The stipulated support arrearage of $2,435.00 due the Plaintiff from the Defendant shall be discharged by payments of $15.00 weekly until liquidation.
Neither counsel addressed the issue of the stipulated arrearage in their requests to the Court, but by virtue of the stipulation the Court is obliged to address the same.
The Plaintiff will provide medical coverage for the minor child as available incident to his employment or if not available incident to his employment he shall provide the same at his sole cost and expense.
Any uncovered medical or dental expenses to be equally apportioned between the Plaintiff and Defendant.
The Plaintiff shall be entitled to take the minor child Tahnee as an exemption-deduction for income tax purposes.
Each party shall be responsible for the debts shown on their respective financial affidavits.
The Plaintiff shall pay the Defendant the sum of $1.00 per year as alimony for a period of five years unless earlier terminated by her death or remarriage.
The alimony is non-modifiable as to term.
The Plaintiff shall return to the Defendant any items of personal property belonging to her presently in his possession.
The Plaintiff may retain his 401K and his BMW automobile, his CT Page 2241 furnishings and checking account.
The Defendant may have her maiden name of Cruz restored to her.
Each party shall be responsible for their respective attorney's fees.
The marriage is dissolved on the grounds of irretrievable breakdown and the parties are declared to be single and unmarried. C.G.S. § 46b-40c.
Austin, JTR